(C. D. 153)

WILBUR-ELLIS & CO. ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 26, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector* and *John J. McDermott*, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: During the course of this trial a total of 73 protests were consolidated here for the reason that the merchandise covered thereby was the same materials, to wit: a commodity invoiced as fish cake or scrap and fish meal. The collector assessed the fish meal as a nonenumerated manufactured article at 20 per centum ad valorem under paragraph 1459 of the Tariff Act of 1922 and the fish cake or scrap as a waste at 10 per centum ad valorem under paragraph 1457. In protest 319610–G it was assessed at 10 per centum ad valorem as a nonenumerated unmanufactured article under paragraph 1459.

The plaintiffs made a number of claims in their protests but rely principally upon the claim that the merchandise is entitled to free entry under paragraph 1583 as "manures, and all other substances used chiefly for fertilizer, not specially provided for," and contend that the merchandise is *eo nomine* provided for under the term "manure" or that it comes directly within the provision for "substances used chiefly for fertilizer."

The product was imported during the years 1928, 1929, and the early part of 1930, and plaintiffs offered evidence here in an effort to prove that fish meal and fish cake or scrap were, at the time of importation, chiefly used as "manures," or "substances used chiefly for fertilizer."

The proper classification of fish meal and fish cake or scrap imported under the Tariff Act of 1922 has been passed upon by this court and the Court of Customs and Patent Appeals upon many occasions. A brief résumé of the various decisions will lead to a better understanding of the issues that we have before us. The first time the court of appeals passed upon the question under the Tariff Act of 1922 was in the case of *Wilbur-Ellis Co.* v. *United States*, 18 C. C. P. A. 472, T. D. 44762. There the case was tried by the importers upon the theory that if fish meal was chiefly used for fertilizer immediately prior to the adoption of the Tariff Act of 1922, all fish meal imported under said act would be entitled to free entry. However, the court held that the language referred to in paragraph 1583 was intended to draw into this classification substances of a class used chiefly for fertilizer when such substances were, at the time of importation or immediately prior thereto, so chiefly used. It was there held immaterial whether such use obtained at the time of the passage of the act or arose thereafter, and in the opinion the court stated that when such substances ceased being chiefly so used as fertilizer classification under said paragraph would be denied. In the later case of *United States* v. *Geo. S. Bush*, 24 C. C. P. A. 313, T. D. 48755, the plaintiffs contended that fish meal was entitled to free entry under the provisions of paragraph 1583 as "guano" or under the provisions of paragraph 1575 as fish imported to be used for purposes other than human consumption. The court there held that fish meal was not guano within the common meaning of that term, nor could it be regarded as "mere fish imported for purposes other than human consumption."

Upon the question of use at the time of importation ten witnesses testified for the importers. The Government offered no evidence in rebuttal. It was established by the testimony of these witnesses that the fish meal in question was in all material respects similar to and commercially interchangeable with other fish meal either manufactured in various parts of the United States or imported from other

countries. These various meals were shown to be imported or manufactured for sale for the purpose of feeding or mixing in fertilizers, with the exception of meal made from white fish, which is non-oily and processed for feeding purposes only. All of the witnesses were of the opinion that fish cake or scrap in its imported condition was not suitable for feeding purposes and in their experience not so used. In the experience of some of the witnesses, particularly those from the West Coast, fish scrap or cake could be used in its imported condition for application to the ground as a manure. Others had never experienced such use and one witness was of the opinion that it was not suitable to be so used.

These witnesses represented the largest handlers or manufacturers of fish scrap and meal in the United States. Some operated upon the West Coast and others in the East but sold their product throughout the United States. Two witnesses handled tankage products in the Middle West. The witnesses represented various sections of the United States wherever fish meal was sold. The Western representatives testified that fish meal was used directly upon the soil as manure. The Eastern representatives selling throughout the South were not familiar with such use, although they had heard that it could be so used. All of the witnesses seemed to be in agreement that immediately prior to the time the Tariff Act of 1922 was passed fish cake meal was chiefly used for fertilizer purposes either directly or as an ingredient in fertilizers, and that at that time the use for feeding purposes was limited, more so in the East than in the West, and that in the Middle Western States fish meal was not generally dealt in either for fertilizer purposes or for feeding. The Western and Eastern representatives, according to their experience in selling fish meal during the years 1928 and 1929 and the early part of 1930, testified without contradiction that fish meal was sold by them chiefly for use as a fertilizer, and that from 55 to 70 per centum of the meal was sold for fertilizer purposes while only 30 to 45 per centum thereof was sold for feeding purposes. Some of the Eastern dealers as well as those from the West canvassed the Middle West during these years and found that there was no sale for fish meals except when the price of tankage was too high to use the same as fertilizers and that the use of meals for feeding purposes was then only in the experimental stage. The use in the Middle West at the period in question was not regarded as sufficient to create a market for fish meal either for feeding or for fertilizer purposes.

From the evidence adduced we are of the opinion that at the time of importation of the meals in question it has been established without contradiction that these fish meals belong to the grade or class of meals that were sold in 1928, 1929, and the early part of 1930 by the

large dealers throughout the United States, where the demand was large enough to create a market, as substances used chiefly for fertilizers, and that the use of such meals for feeding purposes was a minor use at that time; that although used chiefly for fertilizer purposes such meals were suitable for feeding purposes and therefore excluded from the term "manures" in paragraph 1583 under the ruling in *United States* v. *Swift*, 14 Ct. Cust. Appls. 222, T. D. 41706, where it was held that the term "manures" implies a substance having no other use. In respect to the importations of fish cake or fish scrap, we are unable to find that the evidence is sufficient to establish that in its imported condition it is suitable for use or generally used throughout the United States either as a fertilizer or for feeding purposes. The protests insofar as they cover fish cake or scrap are therefore overruled.

For the reasons stated, judgment will be entered in favor of the plaintiffs in respect to the importations of fish meal, and in favor of the Government in respect to the fish cake or scrap. The collector of customs is accordingly directed to reliquidate the entries and to make refund of all duty taken upon the importations of fish meal, as a substance entitled to free entry under paragraph 1583, act of 1922, as chiefly used for fertilizer, not specially provided for.