No. 42989.—Protest 986050–G of Robert F. Byrnes (Philadelphia).

Opinion by KEEFE, J. It was established that the dog food in question contains a substantial quantity of grains with other feedstuffs prepared ready for use as a feed for dogs and is not a material used in making feeds. The claim at 10 percent under paragraph 730 was therefore sustained.

No. 42990.—Protest 972115–G of La Mexicana (San Francisco).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of earthenware similar to that the subject of *Arconti* v. *United States* (T. D. 49573). The claim at 20 percent under paragraph 210 was therefore sustained.

No. 42991.—Protest 946671–G of S. H. Kress & Co. (Seattle).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of Tom-and-Jerry mugs similar to those the subject of *Seller* v. *United States* (T. D. 47417). They were therefore held dutiable at only 70 percent under paragraph 212.

No. 42992.—Protest 939615–G of F. W. Woolworth Co. (San Francisco).

Opinion by KEEFE, J. It appeared that the merchandise consists of figures in chief value of papier mâché similar to those the subject of *Strauss-Eckardt* v. *United States* (T. D. 48272). The claim at 25 percent under paragraph 1403 was therefore sustained.

No. 42993.—Protest 459852–G of Hart-Hill Grain Co. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the fish meal in question is of the same character and use as that passed upon in Abstract 41147 and *Wilbur-Ellis* v. *United States* (2 Cust. Ct. 323, C. D. 153). The claim for free entry under paragraph 1583 was therefore sustained.

No. 42994.—Protest 501–K of La Favorite Rubber Mfg. Co. (New York).

Opinion by KEEFE, J. On the record presented the blanket was found to be American goods returned, entitled to free entry under paragraph 1615, Tariff Act of 1930.

No. 42995.—Protest 946845–G of P. C. Kuyper Co. (New York).

Opinion by KEEFE, J. In view of the agreed facts the collector was directed to reliquidate the entry and refund the duty taken on the two cases in question.